IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| UNIVERSITY OF VIRGINIA PATENT FOUNDATION | § § § § § § § § § § § § | |
| *Plaintiff,* | | |
| | | Case No. _____ |
| v. | | |
| GENERAL ELECTRIC COMPANY d/b/a GE HEALTHCARE | | |
| *Defendant.* | | |

**PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT
AND JURY DEMAND**

Plaintiff University of Virginia Patent Foundation files this Complaint for patent infringement against Defendant, General Electric Company d/b/a GE Healthcare, and alleges as follows:

**THE PARTIES**

1. Plaintiff University of Virginia Patent Foundation ("UVAPF") is a not-for-profit Virginia corporation having a principal place of business at 250 West Main St., Suite 300, Charlottesville, Virginia 22902.

2. Defendant General Electric Company is a New York corporation having a principal place of business at 3135 Easton Turnpike, Fairfield, Connecticut 06828. General Electric Company does business as GE Healthcare, which is a wholly owned business unit thereof. General Electric Company d/b/a GE Healthcare is hereinafter referred to as "GE Healthcare."

## JURISDICTION AND VENUE

3. This action arises under the patent laws of the United States, Title 35 of the United States Code. The Court's jurisdiction over this action is proper under the above statutes, including 35 U.S.C. § 271, *et seq.*, and 28 U.S.C. §§ 1331 and 1338(a).

4. Personal jurisdiction exists generally over GE Healthcare because it has sufficient minimum contacts with the forum as a result of business conducted within the State of Virginia and within the Western District of Virginia. Personal jurisdiction also exists specifically over GE Healthcare because of its conduct in selling and offering to sell infringing products within the State of Virginia and within the Western District of Virginia.

5. Venue is proper in this Court under 28 U.S.C. §§ 1391(b), (c), and (d), as well as 28 U.S.C. § 1400(b), because, upon information and belief, GE Healthcare has committed acts within this judicial district giving rise to this action and does business in this district, including using, selling, offering for sale, providing service and support for its customers, and/or importing infringing products in and/or into this district.

## COUNT I

## PATENT INFRINGEMENT OF U.S. PATENT RE44,644

6. Paragraphs 1 through 5 are incorporated by reference as if fully stated herein.

7. United States Reissued Patent No. RE44,644, titled "Method and apparatus for spin-echo-train MR imaging using prescribed signal evolutions" ("the '644 patent"), was duly and legally issued by the United States Patent and Trademark Office on December 17, 2013. A true and correct copy of the '644 patent is attached as Exhibit A.

8. UVAPF is the owner of all rights, title, and interest in and under the '644 Patent, with full right to bring suit to enforce the patent, including the right to recover for past infringement damages.

9. The '644 patent is valid and enforceable.

10. GE Healthcare has infringed, and continues to infringe the '644 patent directly, literally, and/or equivalently under the doctrine of equivalents by making, using, selling, offering for sale, and/or importing into the United States without authority magnetic resonance imaging ("MRI") pulse sequences—including but not limited to a pulse sequence known as Cube—and MRI systems that incorporate said pulse sequences, that are covered by one or more claims of the '644 patent (collectively, "Accused Instrumentalities").

11. As a direct and proximate result of GE Healthcare's acts of patent infringement, UVAPF has been and continues to be injured and has sustained and will continue to sustain substantial damages in an amount not presently known.

12. GE Healthcare has known of the '644 patent and that its products infringe the '644 patent since at least as early as April 2014 as a result of correspondence from UVAPF. Moreover, GE Healthcare has had actual notice of its infringement of the '644 patent as a result of UVAPF's filing of this lawsuit.

13. GE Healthcare has had actual notice of, and has knowingly and willfully infringed the '644 patent. GE Healthcare had and continues to have actual knowledge of or a deliberate disregard for the '644 patent and its coverage of GE Healthcare's Accused Instrumentalities, but has nonetheless engaged in infringing conduct. GE Healthcare's infringement of the '644 patent was and continues to be willful.

14. GE Healthcare actively, knowingly, and intentionally induced, and continues to

actively, knowingly, and intentionally induce, infringement of the '644 patent by making, using, selling, offering for sale, and/or importing into the United States, without authority the Accused Instrumentalities, all with knowledge of the '644 patent and its claims; with knowledge that its customers and end users will use, sell, offer to sell, and/or import the Accused Instrumentalities; and with knowledge and the specific intent to encourage and facilitate those infringing uses and/or sales of the Accused Instrumentalities through service, support, and training, and by providing product manuals and promotional, marketing, instructional and technical materials relating to the Accused Instrumentalities.

15. GE Healthcare has also contributed to the infringement by others, including the customers and end users of the Accused Instrumentalities, and continues to contribute to infringement by others, by selling, offering to sell, and/or importing Accused Instrumentalities or one or more components thereof into the United States, knowing that the Accused Instrumentalities or one or more components constitute a material part of the inventions of the '644 patent, knowing the Accused Instrumentalities or one or more components to be especially made or adapted to infringe the '644 patent, and knowing that the Accused Instrumentalities or one or more components are not staple articles or commodities of commerce suitable for substantial non-infringing use.

16. GE Healthcare knew, or should have known, that its encouragement would result in infringement of at least one claim of the '644 patent.

## CONCLUSION

17. Unless GE Healthcare is enjoined by this Court from continuing its patent infringements, UVAPF will suffer additional irreparable harm for which there is no adequate remedy at law and impairment of the value of its patent rights.

18. UVAPF is entitled to recover from GE Healthcare the damages sustained by UVAPF as a result of GE Healthcare's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court.

19. UVAPF has incurred and will incur attorneys' fees, costs, and expenses in the prosecution of this action.

20. UVAPF reserves the right to amend, supplement, or modify its allegations of infringement as facts regarding such allegations arise during the course of this case.

## PRAYER FOR RELIEF

UVAPF respectfully requests that judgment be entered in its favor and against Defendant and that the Court grant the following relief to UVAPF:

A. A judgment that GE Healthcare has infringed and continues to infringe the patent-in-suit as alleged herein;

B. A judgment that GE Healthcare's infringement has been willful;

C. A judgment against GE Healthcare awarding damages to UVAPF to which it is entitled for patent infringement;

D. A judgment that this is an exceptional case and that UVAPF be awarded its expenses, costs, and attorneys' fees pursuant to 35 U.S.C. § 285;

E. A judgment that UVAPF be awarded increased damages in an amount not less than three times the amount of damages found by the jury or assessed by this Court pursuant to 35 U.S.C. § 284;

F. A permanent injunction against further and continued infringement of each of the patents-in-suit as alleged herein; and

G. A judgment awarding interest on UVAPF's damages and such other relief as the Court deems just and proper.

## JURY DEMAND

In accordance with FED. R. CIV. P. 38 and 39, UVAPF asserts its rights under the Seventh Amendment of the United States Constitution and demand a trial by jury on all issues.

Dated: December 8, 2014               Respectfully submitted,

/s/ *C. Connor Crook*
**THE LAW OFFICE OF C. CONNOR CROOK**
C. Connor Crook
VSB #71599
P.O. Box 1680
Charlottesville, Virginia 22902
(434) 964-6447 Telephone

SHORE CHAN DEPUMPO LLP
Joseph F. DePumpo (*pro hac vice* application to be filed)
Ari Rafilson (*pro hac vice* application to be filed)
901 Main Street, Suite 3300
Dallas, Texas 75202
(214) 593-9110 Telephone
(214) 593-9111 Facsimile

**ATTORNEYS FOR PLAINTIFF, UNIVERSITY OF VIRGINIA PATENT FOUNDATION**